IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES WILSON,

    Petitioner,

v.                                                            CASE NO. 5:09-cv-263-RS-AK

WILLIE JONES, et al.,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 7, Petitioner's first amended complaint pursuant to § 1983. From a review of the original complaint and the amended complaint, it is clear that Petitioner seeks to challenge the constitutionality of his 1989 convictions by the Circuit Court of Jackson County, Florida, for which he is presently incarcerated, and that he is not challenging the day-to-day conditions of his incarceration. When a prisoner who is in custody pursuant to a state conviction seeks to challenge either the fact of his conviction or the duration of his sentence, he must bring his claim pursuant to 28 U.S.C. § 2254. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson*, 541 U.S. at 643. In contrast, "constitutional claims that merely challenge the conditions of a prisoner's confinement...fall outside of that core and may be brought pursuant to § 1983 in the first instance." *Id*.

Instant Petitioner's complaint, though short on allegations, is plainly habeas in nature as

it attacks the fact of his conviction. Amendment is necessary because Petitioner has not utilized the proper form for seeking habeas relief, and there is insufficient information in the pleading presently before the Court to determine such issues as exhaustion and timeliness or the basis of his claim that he is actually innocent. He has also not named the proper respondent, his custodian, who in this case is Walter McNeil, the Secretary of the Florida Department of Corrections.

Petitioner shall therefore file a second amended petition for writ of habeas corpus which more fully sets forth all of his grounds for relief and more particularly states the facts supporting those grounds. In completing the § 2254 form, Petitioner is reminded that the petition must specify all the grounds for relief available to him; state the facts supporting each ground; state the relief requested; be printed, typewritten, or legibly handwritten; and be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under § 2242. § 2254 Rule 2(c)(1)-(5); *see also* N.D. Fla. Loc. R. 5.1(J)(3) (petition should not make reference to memorandum but must set forth claims and facts on form). The second amended petition must be filed in its entirety, incorporating all amendments, as matters not set forth in the second amended petition are deemed abandoned. Loc. R. 15.1.

In addition, Petitioner must amend his motion for leave to proceed *in forma pauperis*, as it does not contain a financial certificate which has been completed by a prison official or a statement of account covering the six-month period preceding the filing of the complaint in this case.

Accordingly, it is **ORDERED**:

That the Clerk shall forward to Petitioner four § 2254 forms;

That no later than **October 2, 2009**, Petitioner shall file a "Second Amended Petition" as explained in this order, along with two identical copies including any exhibits or attachments. He shall also keep an identical copy for his records;

That the Clerk shall forward to Petitioner an application for leave to proceed *in forma pauperis*;

Petitioner shall have until **October 2, 2009**, to file an amended application for leave to proceed *in forma pauperis* which includes his inmate account information, clearly designated as an "amended" application, or pay the $5.00 filing fee;

**That failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this court.**

**DONE AND ORDERED** this *1ST* September, 2009.

      *s/ A. KORNBLUM*
      **ALLAN KORNBLUM**
      **UNITED STATES MAGISTRATE JUDGE**